UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN KEITH HARRINGTON,

       Plaintiff,                          Case No: 1:13-cv-1373

v                                            HON. JANET T. NEFF

COMMISSIONER OF SOCIAL SECURITY,

       Defendant.
_____/

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Attorney Fees and Costs (Dkt 17), requesting $4,370.00, as detailed in the motion. Defendant did not file a response to the motion. The motion was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court deny in part and grant in part Plaintiff's motion, and instead award Plaintiff $2,500.00 in fees and costs (Dkt 19). The matter is before the Court on Plaintiff's objection to the Report and Recommendation (Dkt 20), as supplemented (Dkt 21). Defendant did not file a response to the objection. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objection has been made. The Court denies Plaintiff's objection and approves and adopts the Report and Recommendation.

The Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1)(A), provides a mechanism for a party to recover his fees and other expenses, including reasonable attorney fees, when the party prevails in a lawsuit against the United States government. The statute provides that the court shall award these fees and other expenses if: (1) the party is a "prevailing party"; (2) the government's

position was not substantially justified; (3) no special circumstances make an award unjust; and (4) the party timely files a petition supported by an itemized statement. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990); *Townsend v. Soc. Sec. Admin.*, 486 F.3d 127, 129-30 (6th Cir. 2007).

There is no dispute that these conditions have been satisfied in this case. The objection at bar concerns the 23 hours of attorney time Plaintiff's counsel claimed and the requested hourly rate of $190.00. Under the EAJA, "attorney's fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Plaintiff's counsel argued that he should receive an increased hourly rate based on inflation and the Department of Labor's Consumer Price Index (CPI). However, the Magistrate Judge determined Plaintiff had not carried his evidentiary burden to justify compensation at any rate above the statutory cap. The Magistrate Judge rejected the rise in inflation, as supported by the CPI, as sufficient evidence in support of the requested increase (Dkt 19, R&R at 4, citing *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009) (holding that submission of the CPI and an argument that the rate of inflation supports an increase in fees, is "not enough" to prove that counsel is entitled to an increase in the $125.00 hourly rate as set by the EAJA)). The Magistrate Judge concluded that the maximum hourly rate provided was instead "reasonable compensation for the work performed" (*id.* at 5).

Pointing out that other courts in this district and elsewhere have approved higher rates of reimbursement, Plaintiff expresses his dissatisfaction with the result recommended by the Magistrate Judge; however, Plaintiff's objection does not demonstrate any factual or legal error by the

2

Magistrate Judge. Rather, the Court finds that the Magistrate Judge applied the correct legal standard in examining whether "an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee," 28 U.S.C. § 2412(d)(2)(A). *See also Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (determining that the statutory $125 per hour cap applies "in the mine run of cases"). Further, the Magistrate Judge provided a thorough and reasonable explanation for his recommendation to reduce the attorney time to 20 hours (Dkt 19, R&R at 3), and Court finds no error requiring a result other than the disposition recommended by the Magistrate Judge. Therefore:

**IT IS HEREBY ORDERED** that the Objection (Dkt 20) is DENIED, and the Report and Recommendation of the Magistrate Judge (Dkt 19) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Attorney Fees and Costs (Dkt 17) is GRANTED IN PART and DENIED IN PART; Plaintiff is awarded $2,500.00 in fees and costs.

Dated: April 20, 2015         /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge