UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIAN KEITH HARRINGTON, ) ) Plaintiff, ) ) v. ) ) COMMISSIONER OF ) SOCIAL SECURITY, ) ) Defendant. ) ) | Case No. 1:13-cv-1373 Honorable Janet T. Neff **REPORT AND RECOMMENDATION** |

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income (SSI) benefits. On June 16, 2014, this Court entered a judgment reversing the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (docket # 16).

Attorney James Rinck continued to represent plaintiff during administrative proceedings after this case closed in 2014. (*see* docket # 24 at Page ID 599, 602-03). The Social Security Administration found that plaintiff was disabled and entitled to an award of past-due benefits. The matter is now before the court on a motion by Attorney Rinck for attorney's fees under 42 U.S.C. § 406(b), payable from the award of past-due benefits. (docket # 24). I recommend that plaintiff's attorney's motion be denied without prejudice.

**Proposed Findings of Fact**

Plaintiff received an award of $37,155.00 in past-due benefits. He received payment of $27,866.25. The Administration retained a total of $9,288.75 to cover potential awards of attorney's fees under 42 U.S.C. § 406. (docket # 24, Page ID 599; docket # 24-1, Page ID 607).

Plaintiff's attorney received the $2,500.00 the Court awarded to his client under the Equal Access to Justice Act. (docket # 24 at 1, Page ID 599). Attorney Rinck acted as plaintiff's hearing representative. He has petitioned the Administration under 42 U.S.C. § 406(a) to pay him an amount that would "leave[] $0.00 [] remaining for potential attorney fees for work performed before this Court" under 42 U.S.C. § 406(b) (docket # 24 at 1, Page ID 599).

**Discussion**

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach tribunal may award fees only for the work done before it." *Horrenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994) (*en banc*).

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits. "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. If plaintiff's attorney receives the amount he has requested from the Administration for acting as plaintiff's hearing representative, no funds will remain for an award of attorney's fees under section 406(b). Accordingly, I recommend that the Court deny plaintiff's attorney's motion in this closed case without prejudice. This does not result in any hardship because plaintiff's attorney has already

received reasonable attorney's fees for all the work he performed in this Court under the EAJA Act.

## Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's attorney's motion (docket # 24) be denied without prejudice. The attorney should be permitted to seek reconsideration of the Court's order if, after the Administration makes its award for the work performed by the attorney at the administrative level under 42 U.S.C. § 406(a), funds remain from the award of past due benefits which would support an award of attorneys fees under 42 U.S.C. § 406(b).

Dated:  July 15, 2015                     /s/  Phillip J. Green
                                          United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).