UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

BRIAN KEITH HARRINGTON,         )
                                )
            Plaintiff,          )   Case No. 1:13-cv-1373
                                )
v.                              )   Honorable Janet T. Neff
                                )
COMMISSIONER OF                 )
SOCIAL SECURITY,                )
                                )
            Defendant.          )
_____  )

## REPORT AND RECOMMENDATION

This was a social security action brought under 42 U.S.C. §§ 405(g), 1383(c)(3) seeking judicial review of a final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits (DIB) and supplemental security income benefits (SSI). On June 13, 2014, the parties filed a joint motion asking the Court to reverse the Commissioner's decision and remand the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 14). The Court granted the motion. (ECF No. 15). This lawsuit ended on June 16, 2014, with the entry of judgment reversing the Commissioner's decision and remanding the matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (ECF No. 16).

On July 3, 2014, plaintiff filed a motion seeking an award of attorney's fees under the Equal Access to Justice Act (EAJA). (ECF No. 17). The Court

determined that plaintiff's attorney reasonably expended 20 hours representing plaintiff in this Court and that compensation at the statutory cap of $125 per hour under the EAJA provided appropriate compensation. On April 20, 2015, the Court awarded plaintiff $2,500.00 in attorney's fees under the EAJA. (ECF No. 23).

On June 15, 2015, plaintiff's attorney filed a motion for attorney's fees under 42 U.S.C. § 406(b). (ECF No. 24). On August 14, 2015, the Court denied the motion without prejudice. (ECF No. 26). On September 1, 2015, plaintiff's attorney filed his second motion for attorney's fees pursuant to 42 U.S.C. § 406(b). (ECF No. 27). He is seeking Court approval of an award of $788.75 from plaintiff's past due benefits being withheld by the Social Security Administration.

Rule 54.2 of the Local Civil Rules specifies the deadlines for filing a motion seeking attorney's fees under 42 U.S.C. § 406(b)(1)(A), the briefing requirements, and the supporting documentation requirements. Among other things, Rule 54.2 requires that a motion "be accompanied by a supporting brief[.]" W.D. MICH. LCIVR 54.2(b)(iii). The attorney's motion is not accompanied by any supporting brief. The deficiency is not cured by incorporating his earlier motion by reference because the earlier motion was not accompanied by a supporting brief. Although the motion for attorney's fees could be dismissed on that basis alone, I do not recommend dismissal in this specific instance.[1]

---

[1] Plaintiff's attorney should anticipate that any future motion that is not accompanied by a brief and all the supporting documentation required under Rule 54.2 will be dismissed. In addition, counsel should be aware that a statement to the effect that that "Plaintiff's attorney would observe that the position of the United

## **Proposed Findings of Fact**

Plaintiff received an award of past due benefits and the Social Security administration is withholding a portion of the past due benefits to cover a possible award of attorney's fees by this Court under 42 U.S.C. § 406(b)(1)(A). Under plaintiff's contingent fee contract with Attorney James Rinck, plaintiff agreed that his attorney was entitled to payment of a fee from the award of past due benefits.

Attorney Rinck represents to the Court that he has discussed the matter of fees with plaintiff and plaintiff has no objection to the amount of fees Attorney Rinck is currently seeking from plaintiff's award of past due benefits. The motion has been pending for four months and the U.S. Attorney has not filed any objection.

Plaintiff's attorney has already received compensation at the rate of $125.00 per hour under the EAJA. He seeks $788.75 in this motion. Dividing the additional amount sought by the 20 hours reasonably expended in this matter results in an increase in the hourly rate of $39.44. If the motion is granted, the attorney would receive compensation for the work he performed in this Court at the rate of $164.44 per hour.

---

States Attorney's Office is not to object to Motions for 406(b) Fees until after such motions are filed" (ECF No. 27 at 2, PageID.619) will not suffice. The version of Rule 7.1(d) that went into effect on September 28, 2015, requires as follows: "With respect to all motions, the moving party shall ascertain whether the motion will be opposed. In addition, in the case of all nondispositive motions, counsel . . . shall confer in a good-faith effort to resolve the dispute. *All nondispositive motions shall be accompanied by a separately filed certificate setting forth in detail the efforts the moving party to comply with the obligation created by this rule.*" W.D. MICH. LCIVR 7.1(d) (emphasis added).

## Discussion

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach tribunal may award fees only for the work done before it." *Horenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir.1994) (*en banc*). This Court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits. "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. Section 406(b) "does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802. Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield

reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. "Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. ... If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citations omitted).

Attorney Rinck asks for an award of $788.75 from the funds being withheld. He has received the $2,500.00 EAJA award through his client. He is not seeking a double recovery. The attorney's request does not exceed statutory limits. An award of the amount sought would not result in a windfall and would fairly compensate the attorney for the work performed in this matter.

### **Recommended Disposition**

For the reasons set forth herein, I recommend that plaintiff's attorney's motion for attorney's fees (ECF No. 27) be granted and that the Court approve

payment from plaintiff's award of past due benefits to Attorney Rinck in the amount of $788.75.


Dated:   January 15, 2016         /s/   Phillip J. Green
                                  United States Magistrate Judge

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).